UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BROADCAST MUSIC, INC., et al.,** ) | |
| ) | |
|    **Plaintiffs,** ) | |
| ) | |
|    vs. ) | CAUSE NO.  1:09-cv-1276-WTL-JMS |
| ) | |
| **DOWNTOWN INDY ENTERPRISES, INC.,** ) | |
| **d/b/a ICE LOUNGE, et al.,** ) | |
| ) | |
|    **Defendants.** ) | |

### ENTRY ON MOTION TO SET ASIDE JUDGMENT

This cause is before the Court on the Defendants' motion entitled Motion to Set Aside Judgment and Extension of Time to Answer Complaint and the Plaintiffs' response thereto. The Defendants have not filed a reply in support of their motion, and the time for doing so has expired.  The Court, being duly advised, **DENIES** the Defendants' motion for the reasons set forth below.

This case was filed on October 13, 2009.  Defendant Indy Enterprises, Inc., was served with the summons and complaint on October 15, 2009, making its deadline to answer or otherwise respond November 4, 2009.  Defendant Kenneth Thorpe was served on November 2, 2009, making his deadline November 23, 2009.  On November 30, 2009, when neither Defendant had answered or otherwise responded to the complaint, the Plaintiffs moved for entry of default, and the Clerk of Court entered default against both Defendants on December 11, 2009.

The Defendants now seek to have the entry of default set aside.  Federal Rule of Civil Procedure 55(c) provides that defaults may be set aside for "good cause."  The Seventh Circuit has given somewhat conflicting guidance with regard to the meaning of "for good cause" in Rule

55(c). In *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007), the court explained that a defaulted party need not demonstrate that there was a good reason for the failure that led to the default in order to have the default set aside. Rather, "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error; as used in this Rule, the phrase is not a synonym for 'excusable neglect.'" In other words, the fact that a default would lead to the imposition of "[d]amages disproportionate to the wrong [would] afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case." *Id.* This proposition is cited with approval (albeit parenthetically) in *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). However, *Cracco* seems to contradict *Sims* when it states that "[a] party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause *for the default*; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Id.* (emphasis added). However, *Cracco* emphasizes the fact that this test is "more liberally applied in the Rule 55(c) context" than if a judgment had been entered, consistent with the "policy of favoring trial on the merits over default judgment." *Id.* at 631. Therefore, in that case a party that "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence" and responded to the entry of default within eight days satisfied the first two prongs of the test. *Id.*

  Despite the somewhat conflicting precedent, it is clear that it is not at all onerous to show that an entry of default should be set aside. In this case, the Court determines that the Defendants have demonstrated good cause to set aside the default, and it cannot be disputed that they acted quickly to correct it by filing the instant motion just seven days after the entry of default. However, the Court must agree with the Plaintiffs that the Defendants have wholly

failed to demonstrate that they have a meritorious defense to this case.  While this, too, is an easy burden to satisfy, requiring only that a defendant "notif[y] the plaintiff and the district court of the nature of [his] defense and provide[] the factual basis for that defense," *Cracco*, 559 F.3d at 631, the Defendants have not done anything more than assert that they "believe that they have a meritorious defense to all issues decided by default by the Court including but not limited to potential third-party claims."

That said, the Court is inclined to give the Defendants another opportunity to demonstrate that they have a meritorious defense in this case, in light of the preference for deciding cases on the merits.  Accordingly, the Defendants' motion to set aside the Clerk's entry of default is **DENIED,** but this denial is without prejudice.  The Defendants may file a second motion to set aside **within 14 days of the date of this Entry**.  This motion must be accompanied by a proposed answer to the complaint and must also explain the Defendants' anticipated defense and the factual basis for it.

SO ORDERED:  02/19/2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification