UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BROADCAST MUSIC, INC., et al.,** ) | |
| ) | |
|   **Plaintiffs,** ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:09-cv-1276-WTL-JMS |
| ) | |
| **DOWNTOWN INDY ENTERPRISES, INC.,** ) | |
| **d/b/a ICE LOUNGE, et al.,** ) | |
| ) | |
|   **Defendants.** ) | |

### ENTRY ON SECOND MOTION TO SET ASIDE JUDGMENT

Over the Plaintiffs' objection, the Defendants' motion entitled Second Motion to Set Aside Judgment is **GRANTED** and the Defendants are **GRANTED** leave to file their Answer.[1] While the Court understands and appreciates the Plaintiffs' position that the Defendants' anticipated defense has no legal merit, and while the test for setting aside an entry of default does speak in terms of articulating a "meritorious" defense, the Court believes that to be a misnomer, in that *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009), makes it clear that the question is not whether the defenses asserted have merit, to the extent that "merit" suggests that they are likely to prevail, but rather simply whether the defendant has "notified the plaintiff and the district court of the nature of [the] defense and provided the factual basis for that defense." The Defendants have now done so in this case, and the Court determines that it is appropriate to set aside the entry of default and allow the case to proceed on the merits.

SO ORDERED:   04/20/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] The Defendants inexplicably filed their answer as a separate docket entry (dkt. no. 19)  as well as attaching it as an exhibit to their motion.  To avoid confusion on the docket, the Court will permit docket no. 19 to remain and to operate as the Defendants' answer.